Good morning, Your Honors. My name is Michael Martin. I am appointed counsel for Mr. Jennings in this matter. Initially, Your Honor, I'd like to reserve 10 minutes for rebuttal. You certainly may. Just watch your clock. The only issues I would like to address really relate to the ACCA predicate offense issues. I'd like to submit the balance of the issues on the record. Very well. Two of Mr. Jennings' prior convictions are in question. Both are Washington State convictions. One is for a theft one, and one is for attempting to elude. The first issue I would like to address is the attempting to elude predicate offense that was found by the District Court. Which one? The attempting to elude. Our position is that the government failed to carry its burden in this case. It was required to prove by clear and unequivocal evidence that the attempting to elude prior conviction qualifies as a predicate offense under the ACCA. Now, do you agree that the modified categorical can be applied in a catch-all context? I don't, and I think that is a question that is still unanswered by this Court. I believe the Court in Kelly actually said that without deciding the issue, it would take a look at the facts in Kelly using the modified categorical approach, and then decided it didn't have to make the ruling on the use of the modified categorical approach because the ultimate analysis resulted in the same decision as it would have under the categorical approach. And so I think the answer to your question is that it is unanswered. What about the Piccolo case on which you rely for other reasons, which at the end says ordinarily we would go to the modified categorical approach, but we're not doing it here? Your Honor, I think it says exactly the same thing. I think it's still unanswered. It's just not clear to me. But it says ordinarily we would, and then explains why it doesn't here, which is a fact peculiar to the case. Well, I think also in Hernandez, Hernandez, the Court said that we are committed to resolving these cases by use of the categorical approach. So I'm not clear, I think, is where I come out on that issue, Your Honor. Well, one significant distinction in this case is we have a handwritten statement that the admission of his wanton driving, doesn't that become highly relevant? I think what the district court didn't recognize is that the wanton and willful aspect, that element of the offense, is actually a mental element. The driving must show wanton and willful disregard that could result in endangerment to others. It doesn't require actual endangerment. The court in Kelling actually says that. And the language in the statement of the defendant in the plea that the court refers to mimics the information and is perilously close to the actual statute itself. So I don't see that as a distinction. I think that the Court can assume that the Court disposes of all of the other issues. The Court can resolve this case simply by saying that Kelley controls. Attempting to elude is not a predicate offense. End of discussion. What do you mean? It's not under the categorical approach. I don't think Kelley said it's not under the modified approach, does it? No. But I think that once the Kelley court found that attempting to elude is not a predicate, the court can find at that point attempting to elude is simply not a predicate at all. What the government says. Well, are you containing that Kelley forecloses are or the district courts examining that conviction to see if it qualifies under the modified approach? I am saying that that question is unanswered by the Ninth Circuit. That's what I thought you said earlier. So then that necessarily means that Kelley doesn't foreclose it, right? Well, I'm not certain. I would say one position that I would take is that Kelley could foreclose it. Well, if you let's proceed under this assumption, that inquiry under the modified categorical approach is not foreclosed by our case law, all right? Yes, Your Honor. Now, if that's, if you start with that assumption, does this case, can this case qualify under that approach? I don't think it can. When you say this case, attempting to elude. I understand. I don't believe so. And the reason I don't believe so is because if we go to the traditionally recognizable documents, I think that would be the next step. Right. The crux of the issue there has to do with looking at the plea agreement and the statement defended on the guilty plea. Right. The plea agreement has a box checked. That box allows the sentencing court to consider, may consider, I think is critical here. It's not mandatory. May consider the documents referred to, the certification probable cause and the prosecutor's summary. Right. For sentencing purposes. Right. Shepherd tells us that the court can look at the documents that are used for determining the factual basis for the plea. Those documents by state statute do not allow the court to look at those documents for the basis of determining the factual basis of the guilty plea. Well, this is, I understand the distinction you're making, but, you know, to me, this certificate of probable cause is sort of right on the edge. I mean, it's something we, I don't think we've ever considered before. Right. In other words, it's a statement the defendant signs under penalty of perjury, as you say, saying, well, the court can examine this for purposes of sentencing, and I admit that whatever it says is true. It says nothing about, you know, being able to use it for determining guilt. But he's pleading guilty, right? Absolutely, Your Honor. So in that sense, you don't need to have a determination of guilt because there's no question the guilty is pleading. So I'm kind of in a quandary as to whether we can consider this or not. This means a certification of probable cause. Because, well, let me ask you this. Yes, sir. If we can consider it, do you agree that this, you know, this would be a basis for this conviction to qualify? If you can consider it? If we could consider it. Then I think Mr. Grannon has a much more significant problem. It makes it a much stronger case, doesn't it? I agree. All right. I don't agree that it should be considered. So the question is why can't we consider it, I guess, is to me the key issue here in this case. Because Shepard, going back to Shepard, the holding in Shepard says that the court can look at the documents that are used, among other things, for determination of the factual basis. But Shepard would, you know, Shepard never considered this kind of document. I think that's correct. I believe that's correct. He never considered that, you know, such a document existed. In fact, I've never seen anything like this before, being from California. We see it here. And as my esteemed colleague here, Mr. Palazzurro, told us before. I suppose the analogy is, and the question is, is there a case law on the question of whether for a – if you have a bifurcated proceeding so that the – you have a guilty plea, let's say, which is bare, and then later a sentencing proceeding preceded by a pre-trial – by a sentence – pre-sentencing report which has facts in it. Often at that point, the defendant will agree to those facts. But it's my understanding, and I'm not sure about this, that we have not regarded admission of those facts at sentencing as pertinent to a modified categorical approach. Do you know? I have not found anything that indicates that the Court can consider those sentencing documents. Because that would be parallel, right? Even though it isn't a written form. It's still signed by him, but it's still something that he's agreed to if at sentencing he agrees to the pre-sentencing report. I can't dispute that. I think that's exactly right. Do you know of any cases that say one way or the other whether we can do that? The only thing that I can point the Court to is Shepard and the language in the holding, the last paragraph that says that the Court can look at the documents that establish the factual basis for the plea, and these documents do not. Else you want to reserve? I'll reserve it. Thank you, Your Honor. We'll hear from the government. May it please the Court. My name is Andy Colacerto. I'm representing the United States in this matter. As you're aware, Mr. Jennings was pled guilty to felony possession of a firearm. At sentencing, the Court ruled that three of his prior eight felony convictions qualified as violent felonies under the Armed Career Criminal Act. I think based on, again, the Supreme Court precedent and the precedent within the Ninth Circuit, it was proper for the district court to make those determinations. I think the question was whether or not. We're focused on the one driving to the attempting to elude. Yes. Yeah. And in addressing the attempt to elude, what I would say is he specifically incorporated the certification, which the government believes establishes and I think clearly establishes that his conduct proposed or created a serious risk of potential injury to another. Yes, he doesn't he didn't admit to those facts for purposes of a factual basis for the plea, but he did admit those facts. And that's where I think we think that's the key distinction. Well, what is the status, then, of this handwritten statement? How should we regard it? I willfully failed to stop when I drove my vehicle in a wanton and willful disregard for the lives and properties of others while attempting to elude. That was his – in terms of how it's created? No, no. What is the status of this? What is the government's view as to the relevance and the status of this particular statement in the ACCA context? The government's position is that the charging documents in conjunction with that to find him to determine that – In other words, this statement, which simply repeats the statute, is not – Right. And I think from Kelly – So you're relying ultimately on the certificate of probable cause. Right. Because I think Kelly looks at the language of the statute and said, look, there – the willful and wanton is the mental aspect. In addition, you have the problem of lives or property at that point in time. That's not a problem here. But you need something else. And simply in the information in his statement, he parrots the language of the statute. So I don't think those qualify. Well, there's something else. There's this very specific certificate for determination of probable cause, which he did not write or specifically agree to for conviction purposes, but which he did in his guilty plea by checking this box, agree to – could be stipulated that the court in sentencing may consider as real and material facts set forth in the certificate of probable cause. Yes. And just for the fact that there is a box, that means that defendants do not always agree to these facts. And as you'll see, as you saw from his – But the real question is, what is the pertinence of the very – the fact that this stipulation is specifically with regard to sentencing? I think the whole purpose is to look at documents that are – that are reliable. And I think him simply admitting to those facts, regardless of what purpose – Well, not really. The whole purpose is to find out what he was convicted of, as opposed to anything else, as opposed to what he did, because people are convicted of things which may be more narrow or more limited than what they did. I mean, people have plea bargains for a reason, right? So the fact that something is pertinent to sentencing doesn't necessarily demonstrate that that's what he was convicted of. Right. And I think that that would be appropriate for the court to consider, like in the first-degree conviction. The box was not checked. Let's say that box was – the box wasn't checked. Instead, in the first-degree, it was an amended charge. He pled to a lesser offense. The box wasn't checked because the defendant didn't want the court to consider additional facts, more serious facts. Here, he pled to the crime as charged to the facts that were in the certification. I think we have a spectrum of – Do you understand – so are you saying – and I don't understand, since I don't know what this form is, that the certificate for termination of probable cause is essentially part of the charge, and that by pleading guilty, he's pleading to this? That's sort of separate from the form, the sentencing form. Sure. Being a State prosecutor for ten years now, and now up here as a special assistant, what I can tell you about how the charges are filed in Washington is they come with an information which is prepared by the prosecuting authority. What is attached to that is the certification, because there needs to be a factual basis submitted to the court for the court to sign off on the information. So that is part of the charge. Wait a minute. If that's the case, why does the certification say only for purposes of sentencing? Right? Is that what the certification says? That's what the – Well, the – The certification doesn't say that it's only to be considered for sentencing. The plea agreement that the box that he checked indicated that it's only to be considered for sentencing purposes. That certification is used to justify the charge. All right. But why is there that limitation, then? Why is there that limitation? Yeah. If you say you have to use it to, you know, determine the validity of the charge. I guess the government's position is that that distinction – there is a distinction there, but we don't believe the distinction is significant enough for it to be barred from this Court's consideration. I mean, if you look at the spectrum of documents that have gone before the courts, you have clearly just a pair of police reports or things supporting the complaint that the defendant hasn't dissented to, hasn't agreed to, hasn't necessarily acknowledged in any way, can't be used to determine the deterrent. Well, he says earlier in the plea forum, he says, I plead guilty to the crime of attempting to allude a pursuing police official as charged in the original information, not as charged in the certification for determination of probable cause. That's correct. So he's really not pleading to the determination of probable cause. No. He's not. He's pleading to the charge. And I think once we know what the conviction is for, and in this particular case it's an over-inclusive statute, we can look to certain judicially noticeable documents to determine whether or not the facts of the crime establish that he was convicted of a crime that would count. And I think regardless of whether he agrees to those facts for purposes of the fact finding or for purposes of sentencing, the key component is he's agreed to them. They're not false. This is what happened. And the Court should be able to consider that. I mean, this is such fine-cut, peculiar stuff, but it's not really the question we've been asking. Are we going to want to know what he was convicted of? I mean, because in many instances we know what happened. The issue isn't really what happened. The issue is what was he convicted of. Right. But in a lot of those situations where you look at the police reports and things of that nature, the defendant hasn't agreed to them. Sure, we know what happened. We know what the basis, what acts constituted the charge and the ultimate conviction. But the defendant never agreed to them. Here, he agreed to them. But if you don't know, if you look at now, if you look at Shepard, right, as I said in the next to last paragraph, this is what Shepard says. To determine whether a plea of guilty necessarily admitted the elements of a generic offense were limited to the terms, one, to the terms of the charging document, two, the terms of the plea agreement or transcript of the colloquy in which the factual basis for the plea was confirmed. The factual basis for the plea. I mean, the plea of guilty, right? Now, there's a catch-all phrase that says, or some comparable judicial record of the information. I mean, is that what you say this certification falls under? Yeah. I mean, I think what we're looking at is we don't want to go back and to do another fact-finding. We want to look at documents that are reliable. And our submission is that by him agreeing to it, it's reliable, that it would fall under those some other comparable judicial record. I mean, while, again, he didn't admit it for fact or for fact-finding purposes, he admitted them.  And so why shouldn't the court be able to do that? What's odd about this is that, I mean, it seems to me that it would be the better part of valor in the future if that's how you want to use this. Number 11, when it says that the judge has asked me to say briefly in my own words what I did to make them guilty, I mean, and here the statement is in the words of the statute, not in the words of the certification for determination of probable cause. He could have just said what I did was what they said I did in the certification for determination of probable cause, but that isn't what he said. Right. Well, the problem is, you know, in the State court, they don't tailor their proceedings so they can be sure to have a prior conviction under the Federal law, right? They're not concerned with the ACCA. It's, you know, there's so many cases that occur down there that the defense attorneys just parrot the language because then any deputy who's filling in and covering a plea on a large calendar can quickly tell that, okay, all the elements are met, we're not going to have any problem with the plea. And that's specifically why that box is included on the plea agreement, so that those facts can be incorporated into what the court considers in addition to the defense statement. For sentencing. I mean, that's your problem, for a sentencing. Right. No, I understand. Anything further on this issue? If the Court has any questions regarding the suppression issue. What about the theft issue? The – I gather there is now a – there is a Washington court of appeals case recently that seems to read from the person as the California statute's been read in parallel. Is this the Roche decision?  The Roche decision that I cited? I think so. Okay. Washington's statute, as you noted, is – the language is virtually identical to California's in the relevant part. They both include taking from the person of another. Now, the California statute has been interpreted by the California court of appeals in sufficiency of the argument questions. The Roche decision isn't a sufficiency of the argument with respect to theft one. What it does is if the court's looking at whether or not theft one was a lesser included of robbery in the second degree. And in the court's analysis, they determined that it wasn't because the robbery in the second degree includes the language by threats of force in the person's presence. The key is in the person's presence. They drew the distinction from that in the first degree because it had to be taken from the person. And that taken from the person of another does not include in his presence. Had the legislature wanted taken from the person to include something in and around the individual, they could have used that language. So I think that decision, while not a sufficiency, answers the court's question or answers it just as clear as the California cases clarified what that statute meant when it meant – when it said taken from the person of another. Roche, if that's the name of the case, Roche is a case that really was made by distinguishing between first degree and second degree? Is that what it was? It was looking at whether the court should have been given an instruction for a lesser included offense, whether theft one – an instruction for theft one should have been given when the defendant was charged with robbery in second degree. The court said no because there's something distinct and different between the two that makes one not a lesser. Theft in the first degree requires the property to be taken from the person. From the person. So robbery in the second degree, you can, by – if I threaten you or threaten physical harm against you and then take something from your presence, that's a robbery. But in fact, in that last – In that last – the factor doesn't apply to first degree, right? From the person. Right. It has to be taken from the person. So it requires that same physical proximity and contact that the court – But in this instance, actually, it was a car. So it's a little hard to understand how that could be something attached to the person. But I think that I – I maybe misconstrued the argument. Maybe the idea is that they were – he was in – the person was in the car. Do we – do we know that? I think the statute itself, when I initially drafted the brief, I argued the theft in the first degree under the modified categorical because I just thought it was cleaner if you look at all these documents. But I think if – the specific statute that he pled guilty to, theft in the first degree, I think is a categorical match. The specific part of this statute, which is, I believe, 1B, says that it has to be taken from the person or another. So I think it's a categorical match. I think if you look to the documents, it still supports that conclusion as well. Thank you, counsel. Anything further? Thank you. We'll hear from Mr. Martin. We have some reserve time. Thank you, Your Honor. Rather briefly, I go back to my original premise that government has failed to meet its burden for both of these convictions, both the eluding and the theft. With respect to the Court's question about the certification of probable cause, the best analogy I can think of for Federal purposes is the use of acquitted conduct for sentencing purposes. Clearly, a defendant is not going to agree to that. Well, that may be true as to its use in sentencing, but what's odd about this is that it apparently is filed attached to the information to begin with, and it's called a certification of probable cause. So it is being submitted originally as an elucidation of what of the facts that are being charged in the information, not simply related conduct. Right? Is that what its function is originally? I believe that's correct, Your Honor. But the defendant initially pleads guilty to or pleads not guilty ultimately in the guilty plea process. He says that I'm pleading guilty to the original information. And then the certification is then parsed out, and in the checkbox it says it's going to be used for sentencing purposes only. It's not part of the factual basis. The factual basis is actually what is contained in the statement of the defendant of the guilty plea. That's where the handwriting comes into play. The ---- And what if he had just written, what I did was what it says in the certificate of probable cause? Well, we have a different situation completely. He's been adopted, and that's exactly what happened in Espinoza-Cano and in ---- I can't remember the other case right now. Parilla, excuse me.  shows that there was an adoption by the defendant of the facts. And we don't have that. We don't even have plea colloquies for either one of these. We don't know what happened, what was said. And so that goes again to the government's failure to meet its burden. Thank you. Thank you, counsel. The case just argued will be submitted for decision.
judges: O'scannlain, Tashima, Berzon